**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

STEVEN LUNDY,                          :

             Petitioner       :      CIVIL ACTION NO. 1:22-578

    v.                                 :           (JUDGE MANNION)

KATHY BRITTAIN, *et al.*,              :

                                 :
             Respondent

## O R D E R

Pending before the court is the report and recommendation of Magistrate Judge Martin C. Carlson which recommends that the petition for writ of habeas corpus filed in the above-captioned matter be denied and no certificate of appealability should issue. (Doc. 6). The petitioner has filed objections to the report. (Doc. 7).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Petitioner filed the instant habeas corpus action seeking to challenge his conviction in the Court of Common Pleas of Monroe County for strangulation. *Commonwealth v. Lundy*, CP-45-CR0003000-2017. This is petitioner's second attempt at challenging this conviction by way of a habeas corpus petition. *See Lundy v. Brittain*, No. 1:21-CV-1259, 2021 WL 5442243,

(M.D.Pa. Aug. 23, 2021).[1] Judge Carlson recommends that the instant petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. 28 U.S.C. §2254. To this extent, Judge Carlson concludes that this court lacks jurisdiction over the instant action as it is a second or successive petition for which petitioner has failed to meet the procedural prerequisites for filing. *See* 28 U.S.C. §2244(a)-(b). Moreover, Judge Carlson concludes that the petition substantively lacks merit as there are no factual grounds justifying habeas corpus relief.

Although the petitioner has filed objections, he does not substantively challenge the findings or conclusions in Judge Carlson's report. Upon review, the court finds no clear error of record and  agrees with the sound reasoning which led Judge Carlson to his conclusions. As such, the court will adopt Judge Carlson's report and recommendation as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Carlson **(Doc. 6)** is

**ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** The petition for writ of habeas corpus **(Doc. 1)**, is **DENIED**.

---

[1]As noted by Judge Carlson, petitioner is a prolific *pro se* litigant in this court. (Doc. 6, p. 2, n. 1).

**(3)** A certificate of appealability shall not issue.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.




_s/ Malachy E. Mannion_
**United States District Judge**

**DATE: June 27, 2022**
22-578-01

- 4 -